Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 10019 | **DATE** | 1/10/2013 |
| **CASE TITLE** | Antonio T Williams vs. Cook County Jail | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's motion for leave to proceed *in forma pauperis* [4] is denied. Plaintiff is given until January 29, 2013, to either pay the filing fee or file an accurately and properly completed *in forma pauperis* application form and a proper affidavit, as explained below. Plaintiff is warned that if he fails to either pay the filing fee or file an accurately and properly completed *in forma pauperis* application form and a proper affidavit, as explained below, by January 29, 2013, the instant action will be dismissed. Plaintiff's motion for appointment of counsel [5] is denied.

■[ For further details see text below.]      Docketing to mail notices.

## STATEMENT

    This matter is before the court on Plaintiff Antonio Williams' (Williams) motion for leave to proceed *in forma pauperis* and motion for appointment of counsel. Williams has failed to properly complete the *in forma pauperis* application form filed with the court. For example, Williams failed to indicate his last monthly salary or wages. Williams also indicates that he has no money or assets, and fails to explain how he acquires the necessities of life. Therefore, the motion for leave to proceed *in forma pauperis* is denied.

    The court will give Williams an opportunity to file an accurately and properly completed *in forma pauperis* application form and an affidavit explaining how he acquires the necessities of life. The affidavit should also specify his expenses, such as the amount of money per month, if any, expended on rent, and the names and income of all individuals living at the same residence. Williams is given until January 29, 2013, to either pay the filing fee or file an accurately and properly completed *in forma pauperis* application form and a proper affidavit, as explained above. Williams is warned that if he fails to either pay the filing fee or file an accurately and properly completed *in forma pauperis* application form and a proper affidavit, as explained above, by January 29, 2013, the instant action will be dismissed.

    Williams also seeks an appointment of counsel. An indigent civil litigant does not have a right to

| STATEMENT |
|---|

appointed counsel. *Forbes v. Edgar*, 112 F.3d 262, 264 (7th Cir. 1997). However, a court, in its discretion, can appoint counsel for indigents in a civil action pursuant to 28 U.S.C. § 1915(e)(1). In determining whether to appoint counsel for a civil litigant, a court must consider the following factors: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654, 661 (7th Cir. 2007)(stating that there is no presumption in favor of granting or denying a motion for appointment of counsel and that each motion is to be considered individually). In considering the competency factor, the court must determine "whether the difficulty of the case-factually and legally-exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Id.* at 655 (stating that "[t]he question is not whether a lawyer would present the case more effectively than the pro se plaintiff; 'if that were the test, district judges would be required to request counsel for every indigent litigant'")(quoting *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)). In assessing competency, the court must consider "whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Id.* (emphasis omitted). In ruling on a motion for appointment of counsel, the court should take into consideration "the plaintiff's literacy, communication skills, educational level, and litigation experience" and evaluate "evidence in the record bearing on the plaintiff's intellectual capacity and psychological history," including "any information submitted in support of the request for counsel, as well as the pleadings, communications from, and any contact with the plaintiff." *Id.* (stating that "in some cases-perhaps many cases-the record may be sparse," and that "[t]he inquiry into the plaintiff's capacity to handle his own case is a practical one, made in light of whatever relevant evidence is available on the question").

In the instant action, Williams has not shown that this case is overly complex or difficult, factually or legally. The court has considered the entire record in this case at this juncture, as it reflects on Williams' ability to coherently present his case as a layperson and his ability to perform the tasks that normally attend litigation. The court concludes that, based upon the record before the court, Williams is competent to present his case at this juncture without the assistance of appointed counsel. Therefore, an appointment of counsel is

| STATEMENT |
|---|
| not warranted at this juncture, and the motion for appointment of counsel is denied. |
STATEMENT

12C10019 Antonio T Williams vs. Cook County Jail    Page 3 of 3